IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Patrick Dean Lowrance, #353834, | ) | C/A No. 1:23-cv-1791-JD-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Warden Nance, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the Court with the Report and Recommendation ("Report and Recommendation" or "Report") of United States Magistrate Shiva V. Hodges, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) of the District of South Carolina.[1] (DE 13.) On April 28, 2023, Petitioner Patrick Dean Lowrance ("Petitioner" or "Lowrance"), proceeding *pro se,* filed a Petition for a writ of habeas corpus action under 28 U.S.C. § 2254 against Respondent Warden Nance ("Respondent" or "Warden") alleging four grounds of ineffective assistance of counsel.[2] (DE 1.) In any event, Petitioner moves for a stay of his petition (DE 7) because his second and third grounds for ineffective assistance of counsel have not been exhausted in state court, and his second post-conviction relief ("PCR") application is currently pending in the Greenville County Common Pleas Court. Petitioner argues that his case should be stayed while

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

[2] Petitioner alleges trial counsel 1) failed to request a Biggers hearing or otherwise object to the in-court identification of Petitioner, (2) failed to object or bring to the court's attention that the court failed to charge the jury on specific intent, (3) failed to object when the trial judge did not ask the defendant if he had anything to say before sentencing, and (4) failed to object to the trial judge's instruction to the jury on the theory of accomplice liability. (DE 1 at 5, 7, 8, 10.)

he pursues exhaustion pursuant to Rose v. Lundy, 455 U.S. 509 (1982), and that good cause exists for his having filed a second PCR application because he "was never given the trial transcript until after the first PCR was filed." [(DE 7.) Petitioner states he is asserting these grounds based on "newly discovered evidence." (Id. at 12.)

Respondent opposes the motion because (1) the statute of limitations has run, and Petitioner "is time-barred from raising any habeas claim at all," (2) he could have raised all grounds for relief in his first PCR action and he is also barred from a second PCR action because of the PCR statute of limitations, and (3) he is unlikely to succeed on the merits because:

> Petitioner raises two unexhausted claims that relate to matters that occurred at trial and the trial transcript provides all the information available to any court about the claims. He does not raise "newly discovered evidence" or good cause for failure to raise the claims the first time that would warrant a second PCR action below under state or federal law.

(DE 12.) The Report was issued on July 14, 2023, recommending that the Court deny Petitioner's Motion to Stay because the habeas petition is untimely, the pending PCR application is his second and South Carolina only allows one PCR to be filed, and the second PCR application is time-barred. (DE 13.) Petitioner objects to the Report.

However, to be actionable, objections to a report and recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing Thomas v. Arn, 474 U.S. 140 (1985)). "A general objection to the entirety of the magistrate judge's report is tantamount to a failure to object." Tyler v. Wates, 84 F. App'x

289, 290 (4th Cir. 2003). Absent <u>specific</u> objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Petitioner objects to the Report asserting his response was timely, referring to his objection filed on July 17, 2023 (DE 15), and that this Court "should be estopped from hearing Respondent['s] motion in opposition to stay since he named the [w]rong Warden as respondent." (DE 23.) To begin with, both responses (DE 15, DE 23) filed by Petitioner are a part of this Court's de novo review. Therefore, this objection is overruled. As for Petitioner's challenge to Respondent's opposition to his stay request, this Court overrules the same because Petitioner's motion for a stay is not based on this argument. Instead, Petitioner's stay is based on his second and third grounds for ineffective assistance of counsel, which he claims have not been exhausted in state court, and his second PCR application is currently pending in the Greenville County Common Pleas Court.

Accordingly, after a thorough review of the Report and Recommendation and the record, the Court adopts the Report (DE 13) and incorporates it by reference.

It is, therefore, **ORDERED** that Petitioner's Motion to Stay (DE 7) is denied.

**IT IS SO ORDERED**.

                                                   Joseph Dawson, III
                                                   United States District Judge

Florence, South Carolina
October 19, 2023

## NOTICE OF RIGHT TO APPEAL

Petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.