IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Patrick Dean Lowrance, #353834,   ) | Case No.: 1:23-cv-1791-JD-SVH |
| ) | |
| Petitioner,   ) | |
| ) | |
| vs.   ) | |
| ) | **ORDER AND OPINION** |
| Warden Nance,   ) | |
| ) | |
| Respondent.   ) | |
| ) | |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Shiva V. Hodges, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] (DE 31.) Petitioner Patrick Dean Lowrance, #353834, ("Petitioner" or "Lowrance"), proceeding *pro se*, filed a Petition for a writ of habeas corpus action under 28 U.S.C. § 2254 against Respondent Warden Nance ("Respondent" or "Warden") alleging four grounds of ineffective assistance of counsel.[2] (DE 1.)

On August 28, 2023, Respondent filed a Return and Memorandum of Law in Support of the Motion for Summary Judgment (DE 24) and Motion for Summary Judgment (DE 25) alleging Petitioner is out of time to present his claims to this court under the Antiterrorism and Effective Death Penalty Act's (AEDPA) one-year statute of limitations. See 28 U.S.C. § 2244(d)(1) ("A 1-

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

[2] Petitioner alleges trial counsel (1) failed to request a Biggers hearing or otherwise object to the in-court identification of Petitioner, (2) failed to object or bring to the court's attention that the court failed to charge the jury on specific intent, (3) failed to object when the trial judge did not ask the defendant if he had anything to say before sentencing, and (4) failed to object to the trial judge's instruction to the jury on the theory of accomplice liability. (DE 1 at 5, 7, 8, 10.)

1

year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."). Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion. (DE 26.) Petitioner filed a response on October 6, 2023. (DE 30.)

The Report was issued on October 17, 2023, recommending Respondent's Motion for Summary Judgment be granted and the Petition be dismissed with prejudice as barred by the applicable statute of limitations. (DE 31.) Petitioner has not objected to the Report. In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court finds no clear error on the face of the record. Therefore, the Court adopts the Report (DE 31) and incorporates it here by reference.

It is, therefore, **ORDERED** that Lowrance's Petition is dismissed with prejudice. Further, it is **ORDERED** that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

                                                                            */s/ Joseph Dawson, III*
                                                                            Joseph Dawson, III
                                                                            United States District Judge

Florence, South Carolina
December 28, 2023

## NOTICE OF RIGHT TO APPEAL

    Petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from this date, under Rules 3 and 4 of the Federal Rules of Appellate Procedure.